UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **KYLE CAVALIERE**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**FLORIDA POWER AND LIGHT COMPANY**, a Florida corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:23-cv-1001<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **KYLE CAVALIERE** ("**CAVALIERE**" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

**PARTIES**

2. The Plaintiff, **KYLE CAVALIERE** ("**CAVALIERE**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida. At all material times, **CAVALIERE** was employed by the Defendant and

performed work for the Defendant primarily in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **CAVALIERE** was an employee within the contemplation of the FMLA. Venue for this action lies in the Middle District of Florida, Ft. Myers Division.

3. The Defendant, **FLORIDA POWER AND LIGHT COMPANY** ("**FPL**" or Defendant) is a Florida corporation that operates a public utility across the State of Florida, including in Lee County, Florida. The Defendant employs in excess of 50 employees, and was **CAVALIERE**'s employer within the meaning of the FMLA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued primarily in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **CAVALIERE** began his employment with the Defendant on or about June 19, 2017, and was most recently employed as restoration specialist.

7. A restoration specialist is a lineman called out to repair downed lines and other causes of power outages or malfunctions.

8. **CAVALIERE** performed his assigned duties in a professional manner and was very well qualified for his position. In fact, he received complimentary performance reviews from the Defendant.

9. In or about February 2023, **CAVALIERE** developed a serious health condition, which consisted of impairments of the mental-emotional system (anxiety and depression).

10. **CAVALIERE** has a history of this impairment that limit major bodily functions, and his impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

11. Accordingly, **CAVALIERE** notified the Defendant that he would need to take what would be intermittent FMLA leave and the Defendant approved his application for the same, which began on April 23, 2023.

12. However, **CAVALIERE**'s supervisor began expressing his disdain for **CAVALIERE**'s use of intermittent FMLA leave, stating that "the company has its eyes on you" (or words to that effect) and warning him that his timesheets "better look good" (a reference to not using FMLA leave).

13. As **CAVALIERE** began utilizing the intermittent FMLA leave he was afforded under federal law, he began being subjected to unwarranted harsh

performance reviews and criticism, which culminated in his termination on or about October 23, 2023.

14. Consequently, the Defendant interfered with **CAVALIERE**'s FMLA rights and retaliated against **CAVALIERE** due to his exercising his rights under the FMLA.

### COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

15. The Plaintiff hereby incorporates by reference Paragraphs 1-14 in this Count by reference as though fully set forth below.

16. **CAVALIERE** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since he began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

17. **CAVALIERE** informed the Defendant of his need for leave for his serious health condition.

18. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

19. If the Defendant were to have decided that **CAVALIERE**'s absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

20. The Defendant has never provided **CAVALIERE** with any notice disqualifying his FMLA leave.

21. In fact, the Defendant determined that **CAVALIERE** was eligible for leave under the FMLA and yet refused to allow him to take the leave and to return to work, thus subjecting him to adverse employment action because of his request for federally protected medical leave.

22. The Defendant knew, or should have known, that **CAVALIERE** was exercising his rights under the FMLA and was aware of **CAVALIERE**'s need for FMLA-protected absence.

23. **CAVALIERE** complied with all of the notice and due diligence requirements of the FMLA.

24. The Defendant was obligated, but failed, to allow **CAVALIERE** to take FMLA leave and to return **CAVALIERE**, an employee who requested FMLA leave, to his former position or an equivalent position with the same pay, benefits, and working conditions.

25. A causal connection exists between **CAVALIERE**'s request for FMLA-protected leave and his adverse employment action with the Defendant

because the Defendant denied **CAVALIERE** a benefit to which he was entitled under the FMLA.

26. As a result of the above-described violations of FMLA, **CAVALIERE** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

27. The Plaintiff hereby incorporates by reference Paragraphs 1-14 in this Count by reference as though fully set forth below.

28. **CAVALIERE** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since he suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and

**CAVALIERE** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

29. **CAVALIERE** informed the Defendant of his need for leave due to his serious health conditions.

30. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

31. If the Defendant were to have decided that **CAVALIERE**'s absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

32. The Defendant has never provided **CAVALIERE** with any notice disqualifying his FMLA leave.

33. In fact, the Defendant determined that **CAVALIERE** was eligible for leave under the FMLA but then subjected him to adverse employment action because of his request for federally protected medical leave.

34. **CAVALIERE** engaged in activity protected by the FMLA when he requested FMLA leave.

35. The Defendant knew that **CAVALIERE** was exercising his rights under the FMLA.

36.     **CAVALIERE** complied with all of the notice and due diligence requirements of the FMLA.

37.     A causal connection exists between **CAVALIERE**'s request for FMLA-protected leave and required reinstatement and the Defendant's adverse employment action.

38.     The Defendant retaliated by altering the terms and conditions of **CAVALIERE**'s employment by subjecting **CAVALIERE** to adverse employment action because he engaged in the statutorily protected activity of requesting FMLA leave. The Defendant subjected him to adverse employment action because he engaged in this statutorily protected activity.

39.     The Defendant engaged in willful and intentional retaliation in violation of the FMLA by subjecting **CAVALIERE** to adverse employment action because he engaged in activity protected by the FMLA.

40.     As a result of the above-described violations of FMLA, **CAVALIERE** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable

attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KYLE CAVALIERE**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: November 7, 2023   **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com